IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD WILLIAMS,
     Petitioner,

vs.                                       Case No. 3:08cv308/LAC/EMT

WALTER A. McNEIL,
     Respondent.
_____/

## ORDER

        Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a voluminous number of exhibits (Doc. 2). The petition is in the proper form, the filing fee has been paid, and the appropriate number of service copies has been provided.

        Initially, with respect to _some_ of the exhibits attached to the petition, specifically, exhibits D, E, and F, which are copies of state court opinions disposing of Petitioner's post-conviction applications, Petitioner is advised that the submission of these exhibits at this time is unnecessary. As discussed below, Respondent will be required to submit, in conjunction with his answer, those portions of the state court record that he deems relevant. Petitioner will then have the opportunity to file a reply, at which time he may submit additional portions of the state court record that he deems necessary. Upon receipt of the answer and Petitioner's reply, the court will review the file to determine whether expansion of the record is necessary and whether an evidentiary hearing is required. An evidentiary hearing will not be required unless consideration of disputed evidence outside the state court record appears necessary to the court. If it is determined that an evidentiary hearing is not required, the court will make such disposition of the petition as justice requires pursuant to § 2254 Rule 8(a). Therefore, exhibits D, E, and F shall be returned to Petitioner at this time (Doc. 2 at 37–112).

        Respondent will be required to file an answer so the court may determine whether an

evidentiary hearing is required or, if not required, may dispose of the petition as justice requires. *See* Rules Governing Section 2254 Cases 8(a).  The answer shall be filed pursuant to Rule 5 and shall be styled as an answer rather than as a motion to dismiss or for summary judgment, unless evidence outside the state court record is submitted, <u>McBride v. Sharpe</u>, 25 F.3d 962, 970 (11th Cir. 1994), or unless it appears to Respondent that a motion to dismiss based on a procedural defect such as failure to exhaust or the statute of limitations is appropriate.

As provided by Rule 5, the answer shall respond to the allegations of the petition, state whether Petitioner has exhausted his state remedies, and attach such portions of the transcripts as Respondent deems relevant.  However, if Respondent raises the defense of failure to exhaust as to any claim, he may file an appropriate motion and shall set forth as to each such claim the appropriate manner of raising the claim under Florida law, whether Petitioner has sought such relief, and, if not, what further relief is available for purposes of § 2254(c).  Rule 5; 28 U.S.C. § 2254(b) and (c).  If further relief is not available in the state courts, the appropriate defense is procedural default, not failure to exhaust, which should be asserted in Respondent's answer, not in a motion to dismiss.  If an exhaustion argument is raised by motion, Respondent may await a ruling on that defense before filing an answer on the merits.

Alternatively, Respondent may proceed directly to the merits.  *See* § 2254 (b)(2) (the application may be denied on the merits notwithstanding the failure to exhaust state remedies) and § 2254(b)(3) (the exhaustion requirement is not deemed to be waived unless expressly waived by counsel for the state), *as amended* April 24, 1996.  The answer shall be filed within sixty (60) days of the date this order is docketed.  Thereafter, Petitioner will be given the opportunity to file a reply.

Accordingly, it is **ORDERED**:

1. The Clerk is directed to remove exhibits D, E, and F (pages 37–112) from the petition and service copies thereof and return them to Petitioner.

2. The Clerk is directed to furnish copies of the petition with a copy of this order to Respondent and the Attorney General of the State of Florida.

3. Respondent shall have **SIXTY (60) DAYS** from the date this order is entered on the docket in which to file an answer as directed by this order.

**DONE AND ORDERED** this 3rd day of September 2008.

>/s/ *Elizabeth M. Timothy*
>**ELIZABETH M. TIMOTHY**
>**UNITED STATES MAGISTRATE JUDGE**